## JOSEPH S. REYNOLDS *vs.* JOHN A. CLARK.

1. NEGLIGENCE—PRESUMPTIONS—EVIDENCE—BURDEN OF PROOF.

Negligence as the basis of an action must be proved, and the burden of proving it by a preponderance of the evidence is on plaintiff.

2. NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

Whether negligence exists in a particular case is for the jury.

3. NEGLIGENCE—NATURE OF.

"Negligence" is the failure to observe for the protection of the interest of another the degree of care, prudence and vigilance which the circumstances demand, whereby such other person suffers injury, and is the want of such care as a reasonably prudent and careful man would exercise under similar circumstances.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS.

There is no presumption of negligence on the part of plaintiff suing for a personal injury, or on the part of defendant, from the mere fact that injury resulted by reason of an accident; and whether there was negligence, and who was guilty of it, is for the jury.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EFFECT.

A plaintiff, guilty of negligence, entering into and causing the injuries complained of, cannot recover, though defendant was also guilty of negligence.

6. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

A defendant, relying on contributory negligence of plaintiff, suing for a personal injury, must prove that the contributory negligence was the proximate cause of the injury.

7. LANDLORD AND TENANT—INJURIES TO TENANT—NEGLIGENCE.

A landlord may not, without the knowledge and consent of the tenant, place any signboard on the building in such a way as to interfere with the quiet use and enjoyment of the property by the tenant; and if the landlord negligently places a sign on the building without the knowledge of the tenant, and in such a position that it is impossible for the tenant, in the exercise of reasonable care, to use the property without receiving an injury from the sign, the landlord is guilty of actionable negligence.

8. EVIDENCE—WEIGHT—CONFLICTING EVIDENCE.

Where the evidence is conflicting, the jury must reconcile it if they can, and if not they must accept the part which they believe worthy of credit, considering the apparent fairness of the witnesses, their intelligence and knowledge; but the preponderance of the evidence must control.

9. DAMAGES—PERSONAL INJURIES—MEASURE OF DAMAGES.

One suing for a personal injury, negligently inflicted, is entitled to recover such a sum as will pay him for loss of wages, money paid out and expended in an endeavor to be cured, and for his pain and suffering in the past, and such as may come to him in the future, and for any permanent injury he may suffer.

(*December* 1, 1914.)

Judges BOYCE and RICE sitting.
*Reuben Satterthwaite, Jr.*, for plaintiff.
*James Saulsbury* for defendant.
Superior Court, New Castle County, November Term, 1914.

ACTION OF TRESPASS ON THE CASE (No. 23, March Term, 1914) by Joseph S. Reynolds against John A. Clark, to recover damages for personal injuries alleged to have been occasioned through the negligence of the defendant, who was plaintiff's landlord, in so hanging a small board for-rent sign over plaintiff's cellar door, that in opening the same the said sign fell from its fastenings upon plaintiff's head, causing the injuries complained of.

The facts appear in the charge of the court.

RICE, J., charging the jury:

Gentlemen of the jury:—This action was brought on the twenty-third day of January, A. D. 1914, by Joseph S. Reynolds, the plaintiff, against John A. Clark, the defendant, to recover damages for personal injuries alleged to have been occasioned by the defendant's negligence in hanging a piece of board about twelve or fourteen inches long, ten or twelve inches wide and about one inch thick (a for-rent sign board), from the sill of a window, in such a manner that when the plaintiff, not knowing of the presence of the board raised the cellar doors located in the pavement directly below the window, the board being struck by the doors was unhooked from its fastenings and fell on and injured the plaintiff's head, and as a result of the injuries received his hearing and eyesight were impaired. It is claimed by the plaintiff and not denied, that the building known as No. 629 Madison Street, this city, in which the window and cellar doors were located was rented and occupied by the plaintiff, and the defendant was part owner and landlord of the same.

The plaintiff claims that the alleged accident happened on the twenty-fifth day of January, 1913, but the defendant denies this and contends that if it did happen it was on the tenth day of January, 1913, the same day he hung the sign board there, and

claims that the plaintiff cannot recover because the action was not commenced within one year from that date.

The defendant denies that he was guilty of negligence as charged by the plaintiff. He claims that the plaintiff was not injured by the falling of the sign, as alleged, or if he received his injuries at that time, he was guilty of contributory negligence as he knew the sign was placed directly above the cellar doors at the time he raised them. He further claims that he placed the sign board on the building in such a position that the cellar doors when being raised would not strike the sign.

*Section* 1, *Chapter* 594, *Volume* 20, *Laws of Delaware*, provides:

"That from and after the passage of this act no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained."

The first thing for you to consider and determine is whether from the evidence, the accident, if there was an accident, happened on the twenty-fifth day of January as alleged by the plaintiff, or on the tenth day of January as claimed by the defendant. If you should find from the evidence that the accident, if any, happened on the tenth day of the month the provisions of the above statute apply and it is your duty to return a verdict for the defendant. A further consideration of the evidence by you under such a finding is not necessary.

[1] This action is based on the negligence of the defendant. Negligence is the gist of the action. It must be proved; and the burden of proving the negligence to the satisfaction of the jury, by a preponderance of the evidence, rests upon the plaintiff.

[2] Whether negligence exists in a particular case is a question of fact to be determined by the jury. If you should find from the evidence in this action that there was no negligence on the part of the defendant, the plaintiff cannot have a recovery.

[3] Negligence has been defined as the failure to observe for the protection of the interest of another, that degree of care, prudence, and vigilance which the circumstances justly demand, whereby such other person suffers injury. It has been termed the

want of ordinary care; that is, the want of such care as a reasonably prudent and careful man would exercise under similar circumstances.

[4] There is no presumption of negligence either on the part of the plaintiff or on the part of the defendant, from the mere fact that injury resulted to the plaintiff by reason of the alleged accident. Whether there was any negligence, at the time of the accident, and whose, you must determine from all the facts and circumstances of this case as disclosed to you by the testimony of the witnesses.

[5] If in this action the jury should find from the evidence, that there was mutual negligence, that is, negligence on the part of the plaintiff and of the defendant, and the negligence of each was operative at the time of the injury complained of, a recovery cannot be had by the plaintiff.

[6] If the plaintiff was negligent and that negligence entered into and was the cause of the plaintiff's injuries, if any, even though the defendant was guilty of negligence, the plaintiff cannot recover, for in that event the plaintiff would be guilty of contributory negligence, and when there is contributory negligence the law will not attempt to measure the proportion of negligence to be attributed to either party. When the defendant relies upon contributory negligence on the part of the plaintiff as a defense, the defendant must satisfy the jury that the contributory negligence of the plaintiff entered into and was the proximate cause of the injury complained of.

[7] The defendant as owner and landlord had no right in law to place any sign board on the building, without the knowledge and consent of the plaintiff, the tenant, in such a way as to interfere with the quiet use and enjoyment of said property by the plaintiff. If you should find from the evidence that the defendant did negligently and carelessly place a sign on the building without the knowledge of the plaintiff, in such a position that it was impossible for the plaintiff in the exercise of reasonable care to raise the cellar doors to the property without knocking and striking the sign from its fastenings, and that as a result of such negligence the plaintiff received the injuries com-

plained of, then your verdict should be for the plaintiff, but if on the other hand you should be of the opinion that the defendant did not place the sign on the building in a negligent and careless manner, or that the plaintiff was not injured by reason of any negligence of the defendant as alleged, or that the plaintiff was guilty of contributory negligence which proximately caused the injury complained of, your verdict should be in favor of the defendant.

[8] In cases where the evidence is conflicting it is the duty of the jury to reconcile it if they can. If they cannot, you should accept that portion of the testimony which you believe to be worthy of credit and reject that part, if any, you believe to be unworthy of credit, taking into consideration the apparent fairness of the witnesses as they appear upon the stand, their intelligence and knowledge of the things of which they give their testimony. The jury is to be controlled by the preponderance of the evidence in reaching your verdict.

[9] If you find for the plaintiff your verdict should be for such a sum as will pay the plaintiff for loss of wages, money paid out and expended by him in his endeavor to be cured of his injuries, for his pain and suffering in the past and such as may come to him in the future, and for any permanent injuries he may have suffered as a result of the accident.

Verdict for defendant.